UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-CV-58

| | |
|---|---|
| BERNARD VON NOTHAUS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES ATTORNEY'S )<br>OFFICE, WESTERN DISTRICT OF )<br>NORTH CAROLINA, et al, )<br>    Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on a Motion to Dismiss and Memorandum in Support (Docs. 4, 5) filed May 10, 2010 by Defendants United States Attorney's Office for the Western District of North Carolina; former United States Attorney Edward R. Ryan (now First Assistant United States Attorney); Assistant United States Attorneys Jill Westmoreland Rose, Mark T. Odulio, and Thomas R. Ascik;* and FBI Special Agent Andrew F. Romagnuolo. The Court will also consider Defendant Deke Falls's Motion to Dismiss (Doc. 7), filed May 11, 2010, at this time. No response to either motion has been made by Plaintiff Bernard von NotHaus. These matters are ripe for disposition.

Plaintiff NotHaus is the sole defendant in criminal case number 5:09cr27, which is currently pending before the undersigned. The present civil case, which was originally filed in the United States District Court for the District of Columbia before being transferred to this District, attacks the validity of the indictment filed against NotHaus in his criminal case, seeks damages against the federal prosecutors and NotHaus's defense attorney, and seeks dismissal of the indictment and

---

  *The individual Assistant United States Attorneys who are defendants in this case will be referred to collectively as the "federal prosecutors."

1

further injunctive relief to stop the criminal prosecution.

NotHaus asserts a variety of legal theories to justify the relief requested: (1) that the indictment is deficient because it "fails to identify federal regulations required by law" and "recites United States Code sections without Federal Regulations . . . making the . . . United States Code sections incomplete, incompetent to give notice of material facts to which Plaintiff could respond and . . . void as a matter of law," (2) that federal prosecutors are not authorized by Congress to bring cases outside the District of Columbia, (3) that the FBI raided the Plaintiff's business under the authority of a defective indictment because the indictment lacked proper references to the Code of Federal Regulations, (4) that NotHaus is not a "licensed/enfranchised individual" and so is not subject to federal prosecution, (5) that the federal prosecutors proceeded against NotHaus under a faulty indictment and that defense counsel failed to challenge these deficiencies, (6) that because the indictment was faulty, the federal prosecutors–aided by defense counsel–subjected plaintiff to involuntary servitude and denied him the equal protection of the law, (7) that Public Law No. 80-772, 62 Stat. 683 (1948), which enacted Title 18 of the United States Code, is unconstitutional, and (8) that the federal government does not have the power to force NotHaus to become a "regulated individual," and in consequence the government cannot prohibit NotHaus from conducting bartering transactions or creating his own currency.

All of these allegations are factually and legally baseless, as explained more fully in the defendants' motions to dismiss and memoranda in support.

**WHEREFORE, IT IS HEREBY ORDERED** that the defendants' motions to dismiss are **GRANTED** and that the complaint in this case is **DISMISSED WITH PREJUDICE** as to all defendants.

Signed: August 31, 2010

Richard L. Voorhees
United States District Judge